Roy Dale GREEN, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 78–3190.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1979.

Douglas M. Becker, Nancy M. Simonson, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Brantley Pringle, Fort Worth, Tex., for petitioner-appellee.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

GOLDBERG, Circuit Judge:

Roy Dale Green, a Texas state prisoner, petitioned the United States district court for a writ of habeas corpus under 28 U.S.C. § 2241. The district court granted the writ, and the state appeals from that grant. For the reasons expressed in this opinion, we affirm the judgment of the district court.

On August 6, 1966 Green and his companion, Kenneth McDuff, kidnapped two young boys. They locked the two boys, Marcus Dunnam and Robert Brand, in the trunk of an automobile. A while later McDuff, in Green's presence, opened the trunk and fired a volley of pistol shots into it killing the two boys.

Green was charged in two separate indictments. The first charged him with the murder with malice of Marcus Dunnam. The second charged him with the murder with malice of Robert Brand. In the trial on the first indictment, the jury found Green guilty of murder *without malice.* The court gave Green the maximum sentence for this offense, five years imprisonment. The state then tried Green on the second indictment. Green filed a plea of collateral estoppel which was overruled. He then pleaded guilty to the offense charged in the second indictment, the murder *with malice* of Brand. In exchange for Green's guilty plea, the state agreed not to seek the death penalty. The court sentenced Green to twenty five years imprisonment for this offense.

During the next few years the Supreme Court decided three cases which paved the way for Green's present habeas corpus action. In 1969 the court held in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, that the Double Jeopardy Clause of the United States Constitution is applicable to the states. Then in 1970 the Court decided *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, which held that collateral estoppel is an embodiment of the Double Jeopardy Clause. Finally in 1975, in *Menna v. New York,* 423

U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195, the Court held that a guilty plea to an offense does not bar a double jeopardy claim.

After these decisions, Green filed his present habeas corpus action.[1] He argued to the district court that his conviction in the second murder trial was obtained in violation of his constitutional guarantee against double jeopardy. Specifically, he claimed that the issue of his malice was conclusively determined in the first trial and that under the collateral estoppel principles of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the state was precluded from relitigating that issue in his second trial. The district court concluded that the state was collaterally estopped, and it granted the writ. We agree with its conclusion.

The Supreme Court held in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), that the principle of collateral estoppel is a part of the Double Jeopardy Clause. The facts of *Ashe* provide a good illustration of collateral estoppel. The defendant in *Ashe* was initially tried for robbing one of six poker players, and the jury acquitted him. The state then tried the defendant for robbing another of the poker players based on the same transaction. This time, the jury found the defendant guilty. The Supreme Court recognized that the only conceivable issue in the first trial was whether the defendant was one of the masked men who robbed the participants in the poker game. The Court concluded that since the jury had decided this issue in the defendant's favor in the first trial, the state

was precluded or collaterally estopped from relitigating that same issue in the second trial. The Supreme Court summed up the principle of collateral estoppel as follows: "when a [sic] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194.

We think it clear that in Green's first murder trial the jury determined an ultimate issue of fact—the issue of Green's malice. The jury charge defined malice and contained the following specific instruction: "Even though you find the defendant guilty of murder, yet, if you have a reasonable doubt that the defendant was prompted by and acted with malice, you must give the benefit of such doubt to the defendant, convict him only of murder without malice." Although Green was charged with the murder *with malice* of Dunnam, the jury returned a verdict of murder *without malice*. Thus, the jury must have determined the malice issue in Green's favor. *See Turner v. State*, 518 S.W.2d 243, 244 (Tex.Cr.App.1975).[2]

The state proposes a different explanation of the jury verdict. It claims that the jury convicted Green of murder *without malice*, instead of murder *with malice*, simply because it wished to be merciful.[3] Therefore, the state argues, we should not treat the verdict as conclusively deciding the issue of malice. But this claim could be made about any ultimate issue of fact decided by a jury.[4] If we adopted the state's

---

1. Green first brought an unsuccessful state habeas corpus action. *Ex parte Green*, 548 S.W.2d 914 (Tex.Cr.App.1977).

2. The state notes that jury instructions also provided, "[m]urder without malice is a voluntary homicide, committed without justification or excuse, under the immediate influence of a sudden passion arising from an adequate cause." Since the record showed no evidence of a "sudden passion arising from an adequate cause," the state claims that the jury could not have made a *factual* determination of the malice issue. We reject this claim. It flies in the face of the jury verdict and fails to take account of the jury instructions we quoted in text.

3. To support its claim, the state cites the testimony of one of the jurors given at the evidentiary hearing in Green's state habeas corpus action. The juror testified that the jury, in making its "no malice" finding, considered Green's youth and his cooperation with the police.

4. For example, it is possible that in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the jury acquitted Ashe in the first robbery trial not because it had a reasonable doubt that he was one of the robbers, but because it desired to be merciful. The Supreme Court, however, did not consider such a possibility in applying the principle of collat-

position, we could never apply the principle of collateral estoppel. Clearly, this is not what the Supreme Court intended when it held that the principle collateral estoppel is a part of the Double Jeopardy Clause. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). We must take the jury at its word, and in this case, its word shows that in the first murder trial it decided the issue of malice in Green's favor.

The state claims that it was not relitigating this decided issue of malice when it tried Green in the second trial for the murder with malice of Brand. The state argues that Green's state of mind might have changed between the two killings. In other words, it claims that although Green did not act with malice as to Dunnam, he might have acted with malice as to Brand. We reject this contention as patently unreasonable. The record shows that the two boys were killed almost simultaneously from a volley of shots fired into the trunk. One cannot tell from the evidence which boy was wounded first or which boy died first. The facts in connection with the two deaths are exactly the same, and Green's conduct in connection with each death was exactly the same. There is absolutely no evidence indicating a change in Green's intent. Under these circumstances, we conclude that Green's state of mind did not change.

Since Green's state of mind was the same as to each murder, the state was collaterally estopped under the principles of *Ashe v. Swenson* from relitigating the issue of Green's malice in the second trial. Thus, the conviction of Green for the murder with malice of Brand was unconstitutional. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The maximum sentence for murder without malice is five years imprisonment. Former Tex. Penal Code art. 1257(b). Green has already served more than twelve years—two years longer than the cumulated maximum total for two murder without malice convictions. Thus, the district court properly granted his writ of habeas corpus. We affirm its judgment.

AFFIRMED.

eral estoppel. On the contrary, it concluded that the acquittal verdict conclusively determined the issue of whether the defendant was one of the robbers.