**Enrique "El Red" GARCIA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1283–86.**

Court of Criminal Appeals of Texas, En Banc.

June 24, 1987.
Rehearing Denied April 12, 1989.

---

Oscar J. Pena, Jr., Laredo, for appellant.

Julio A. Garcia, Dist. Atty. & Jose A. Flores, Jr., Asst. Dist. Atty., Laredo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was indicted for capital murder, V.T.C.A., Penal Code Sec. 19.03, in connection with an incident where the appellant allegedly fired a shotgun at two police officers. One officer (Serna) was killed, while the other officer, Ayala, was not hit. Appellant was tried for the capital murder of Officer Serna. A jury found the appellant guilty of voluntary manslaughter, and assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. V.T.C.A., Penal Code Sec. 19.04. Seven months after this conviction, the appellant was indicted for the attempted capital murder of Officer Ayala.

This second indictment is the subject of the dispute before this Court. The Court of Appeals granted the appellant the relief he sought and ordered the dismissal of the second indictment. *Garcia v. State*, 718 S.W.2d 785 (Tex.App.—Corpus Christi, 1985). The State petitioned this Court to review that decision, asserting as its reason for review that the Court of Appeals decided an important question of State law which should be settled by this Court. Specifically, the State argued that the doctrine of collateral estoppel does not apply to the instant case because there is no final and valid judgment in the case of the murder of Officer Serna. The State also asserts that the decision of the Court of Appeals is in conflict with prior decisions of this Court. A review of the facts is necessary.

Prior to his trial for attempted capital murder, the appellant challenged his indictment by application for a writ of habeas corpus and a motion to dismiss, both of which were filed in the 49th District Court. In his application for a writ of habeas corpus, the appellant stated that a prosecution under the second indictment would violate his constitutional right to not be placed twice in jeopardy for the same offense.

However, in the instant case, the appellant was not charged with the same offense that he was previously tried for. The conviction for voluntary manslaughter

and the indictment for attempted capital murder involved separate victims. They are separate offenses and double jeopardy does not apply.[1] But in his motion to dismiss the indictment, which argument appellant included in his application for a writ, appellant stated that the doctrine of collateral estoppel barred his trial on the attempted capital murder indictment. Appellant stated that both charges (capital murder of Officer Serna and attempted capital murder of Officer Ayala) arose from the same occurrence. Appellant claims that the jury at his first trial determined that, at the time of the alleged offense, appellant acted out of sudden passion arising from an adequate cause. Appellant stated that this jury finally decided the issue of his state of mind at the time of the shooting, and the issue could not be litigated a second time at a trial for attempted capital murder.

The trial court, overlooking the collateral estoppel argument, decided that since the evidence before him did not constitute double jeopardy, appellant's confinement was not illegal. The trial court denied the appellant's application for writ of habeas corpus, and overruled his motion to dismiss.

Appellant appealed the denial of his application to the Court of Appeals. Tex.R. App.Pro.Rule 44. The Court of Appeals, relying on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Green v. Estelle*, 601 F.2d 877 (5th Cir. 1979), decided that the doctrine of collateral estoppel served to bar appellant's trial for attempted capital murder. They reversed the decision of the trial court and held that

"the jury in the first trial necessarily determined the appellant's mental state at the time he shot at Ayala when it made its determination of his mental state when he shot Serna. In other words, the jury in the first trial could not have rationally based its verdict on an issue other than the one appellant now seeks to foreclose. We should not be understood to hold that appellant cannot be tried for shooting at Ayala. Rather, he cannot be tried for an offense with a

mental state greater than the one a jury has already determined he possessed at the time of both shootings." *Garcia v. State*, 718 S.W.2d 785 (Tex.App.—Corpus Christi, 1986) at 789.

The Court of Appeals reversed and remanded the case with instructions to dismiss the indictment for the attempted capital murder of Officer Ayala.

The State filed a petition for discretionary review from this decision, which this Court granted. In its petition, the State contends that the Court of Appeals incorrectly applied the doctrine of collateral estoppel to the facts of the case.

While the instant case was pending oral argument before this Court, the appellant's voluntary manslaughter conviction advanced through the appellate process. It was that judgment of conviction which formed the basis for the appellant's claim of collateral estoppel. The Court of Appeals recently decided the appeal of the conviction for the voluntary manslaughter of officer Serna.

It held that it was error for the trial court to fail to excuse a juror from service after discovering the existence of an attorney-client relationship between the district attorney and the said juror. The relationship was brought to the trial court's attention after the juror was accepted, but before the entire jury had been selected. The Court of Appeals reversed the judgment of the trial court and remanded the case for a new trial. *Garcia v. State*, unpublished (No. 13-86-171-CR; Tex.App.—Corpus Christi, October 30, 1986). On January 14, 1987, this Court refused the State's petition for discretionary review because it was not timely filed. Tex.R.App.Pro.Rules 202(j) and 55(b). The fact that appellant's voluntary manslaughter conviction was overturned on appeal adversely affects his claim of collateral estoppel in the instant case.

The doctrine of collateral estoppel was explained in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Court stated, "When an ultimate fact

---

**1.** See *Ex parte Rathmell,* 717 S.W.2d 33 (Tex.Cr.    App.1986).

has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* supra, 90 S.Ct. at 1194. This Court had adopted this language that there must be a final and valid judgment to support a claim of collateral estoppel. *Dedrick v. State,* 623 S.W.2d 332 (Tex.Cr.App.1981); *Ex parte Tarver,* 725 S.W.2d 195 (Tex.Cr.App.1986).

Was the appellant's voluntary manslaughter conviction a final and valid judgment for purposes of collateral estoppel? In *McElwee v. State,* 589 S.W.2d 455 (Tex. Cr.App.1979), the defendant advanced a claim of double jeopardy. This fact distinguishes *McElwee* from the instant case. However, in *McElwee,* this Court discussed the impact of a pending appeal upon the finality of a judgment. Though not authority in the instant case, the language of *McElwee* provides us with guidance. This Court held that the defendant's murder conviction was not final where the defendant's timely petition for certiorari to the Texas Court of Criminal Appeals was pending when the Supreme Court's decision in *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978) was handed down. Since the pending nature of an appeal can render a judgment "not final" for purposes of a double jeopardy claim, the reversal of a judgment on appeal should eliminate its status as being final and valid for purposes of collateral estoppel.

■■■ An early writer on collateral estoppel discussed this issue. He wrote,

"If the unsuccessful party appeals and the judgment is reversed, the original judgment is, of course, no longer conclusive; and if a new judgment is entered for the other party by the appellate court or at its direction by the trial court, that judgment is conclusive." Scott, "Collateral Estoppel by Judgment", 56 Harv.L. Rev. 1 (1942).

In the instant case the Court of Appeals reversed the judgment and remanded the case to the trial court for a new trial. Using this analysis, not only is the conviction of voluntary manslaughter no longer valid and final, there will be no conclusive judgment on that matter until the appellant receives his new trial. A claim of collateral estoppel cannot flow from an invalid judgment of conviction which is not final.

We hold that the Court of Appeals' reversal of appellant's voluntary manslaughter conviction bars the appellant's claim of collateral estoppel against his trial for attempted capital murder. The indictment for attempted capital murder is not to be dismissed. We reverse the judgment of the Court of Appeals [2] and remand to the trial court.

DUNCAN, J., concurs in the result.

MILLER, J., dissents.

TEAGUE, J. dissents based upon the principles of law the Fifth Circuit stated in *De La Rosa v. Lynbaugh,* 817 F.2d 259 (5th Cir.1987). There is more to the issue before us than what the majority opinion states it to be. Furthermore, how is this Court able to take "judicial notice" of *Garcia v. State* (Tex.App.—Corpus Christi, No. 13–86–171–Cr, Oct. 30, 1986)?

### OPINION ON APPELLANT'S MOTION FOR REHEARING

WHITE, Judge.

We granted appellant's motion for rehearing in order to determine whether this Court erred on original submission when we decided appellant was not entitled to pre-trial relief under the doctrine of collateral estoppel.

On original submission, this Court held the Court of Appeals' reversal of appellant's voluntary manslaughter conviction rendered the trial court's judgment no longer valid and final. The law is settled

---

**2.** To the extent that the appellant's appeal from his voluntary manslaughter conviction was pending at the time the Court of Appeals heard the instant case, the prior conviction was not final and valid for purposes of collateral estop-

pel. As such, the Court of Appeals incorrectly relied on *Ashe v. Swenson* and *Green v. Estelle,* 601 F.2d 877 (5th Cir.1979) to grant the appellant's relief and dismiss the attempted capital murder indictment.

that "a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed" and the mandate of affirmance becomes final. *Jones v. State*, 711 S.W.2d 634 (Tex.Cr.App.1986). This Court decided in the instant case that without a final and valid judgment of conviction, appellant had no claim of collateral estoppel.

After further consideration of the record, we conclude this Court's opinion on original submission was correct. Appellant's motion for rehearing is denied.

TEAGUE, Judge, dissenting.

I respectfully dissent to the reasons that the majority opinion gives for denying the motion for rehearing that was filed on behalf of Enrique "El Red" Garcia, henceforth appellant.

The original majority opinion was incorrect when it held that because the trial court's judgment of conviction in the voluntary manslaughter cause, in which Officer Victor Serna was the named victim, was reversed by the Corpus Christi Court of Appeals in an unpublished opinion, see *Garcia v. State*, No. 13–86–171–CR, Tex.App.—Tex.App.–13th Dist., October 30, 1986, this "bars the appellant's claim of collateral estoppel against his trial for attempted capital murder." (Page 729.) On rehearing, the majority opinion aggravates the error when it states "that 'a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed' and the mandate of affirmance becomes final. *Jones v. State*, 711 S.W.2d 634 (Tex.Cr.App.1986). This Court decided in the instant case that without a final and valid judgment of conviction, appellant had no claim of collateral estoppel." (Page 730.)

*Jones* is no authority for rejecting appellant's contention. This Court in *Jones* simply held that, *in proving up an alleged prior felony conviction for enhancement of punishment purposes*, it is incumbent upon the State to establish that the alleged prior felony conviction is a final conviction. In *Jones*, the State, through its own proof,

actually established that the alleged prior felony conviction was not final, thus compelling this Court to reverse the trial court's judgment. *Jones* is no collateral estoppel case.

When the jury found appellant guilty of voluntary manslaughter, in the Serna cause, it necessarily acquitted him of the offenses of capital murder and murder of Officer Serna. See *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); *Davis v. Herring*, 800 F.2d 513, 519 (5th Cir.1986); Art. 37.08, V.A.C.C.P.; *Pope v. State*, 509 S.W.2d 593 (Tex.Cr.App. 1974); and *Daniels v. State*, 464 S.W.2d 368 (Tex.Cr.App.1971). Thus, for purposes of collateral estoppel, appellant has a valid final judgment of acquittal. The question that should be answered, but is not by this Court, is whether, in finding appellant guilty of voluntary manslaughter of Officer Serna, that jury also conclusively determined appellant's state of mind as to the pending attempted capital murder of Officer Sam Ayala, which prosecution appellant seeks to prevent through this pretrial habeas corpus proceeding. The posed question should be answered in the affirmative, and this Court should hold that under the collateral estoppel doctrine, as enunciated in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the State is barred from prosecuting appellant on the Ayala indictment for any offense that might be greater than attempted voluntary manslaughter.

In this regard, the State did not in this cause in the trial court proffer any new facts that might be adduced should it be permitted to prosecute appellant for the attempted capital murder of Ayala.

I find that what the Fifth Circuit Court of Appeals stated and held in *Green v. Estelle*, 601 F.2d 877 (5th Cir.1979), and *De La Rosa v. Lynaugh*, 817 F.2d 259 (5th Cir.1987), not only persuasive but authoritative in how the issue should be resolved. The Fifth Circuit in *De La Rosa* stated the following: "The Texas Court of Appeals reached a similar conclusion in *Garcia v. State*, 718 S.W.2d 785 (Tex.App.—Corpus Christi 1986)" (266), thus at least implicitly

approving the court of appeals decision to bar the State from prosecuting appellant on the Ayala indictment for any offense that might be greater than attempted voluntary manslaughter.

This Court should withdraw its original opinion and hold, as the court of appeals did, that the State is barred from prosecuting appellant on the Ayala indictment for any offense that might be greater than attempted voluntary manslaughter.

Therefore, I respectfully dissent to this Court denying appellant's motion for rehearing for the reasons it gives.

CLINTON, MILLER and DUNCAN, JJ., join.