IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-283-CR




EX PARTE: AUDREAS DEMONG LANE,



 APPELLANT



 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,213-A, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court, made following a hearing on
appellant's writ of habeas corpus, overruling appellant's double jeopardy claim. This Court will
affirm the district court's order.

 In May 1992, appellant was tried for aggravated assault in Milam County cause
number 18,212. This proceeding ended in a mistrial. Appellant filed his habeas corpus
application on June 9, 1992, the day before trial was scheduled to begin in Milam County cause
number 18,213. This cause was also a prosecution for aggravated assault, apparently arising out
of the same incident but involving a different complaining witness. In his writ application,
appellant raised a claim of collateral estoppel. The last two paragraphs of the application read as
follows:



 An issue necessarily determined by the trier of fact at the former proceeding
against the Applicant in Cause No. 18,212, was the issue of whether the
aggravated assault was with a deadly weapon. Its relitigation in Cause No. 18,213
violates Applicant's statutory and state and federal constitutional rights to be
protected against being put in jeopardy more than once for the same offense.


 WHEREFORE, PREMISES CONSIDERED, Applicant respectfully
requests that the Court conduct an evidentiary hearing on this application for writ
of habeas corpus and upon conclusion thereof issue such writ discharging
Applicant from the threat of further prosecution in Cause No. 18,212.



We assume from the procedural context of the writ application and from appellant's arguments
before the district court that the writ application was filed for the purpose of stopping the trial of
cause number 18,213, and that the reference to cause number 18,212 in the prayer was a mistake.

 This appeal is moot. Appellant has been tried and convicted in cause number
18,213, and his appeal from that conviction is pending in this Court. Appellant's collateral
estoppel claim is without merit in any event, since there must be a final and valid judgment to
support such a claim. Garcia v. State, 768 S.W.2d 726, 729 (Tex. Crim. App. 1987). There
was, of course, no judgment in cause number 18,212 because of the mistrial.

 In his brief to this Court, appellant also argues that there was no manifest necessity
for the mistrial in cause number 18,212. Appellant does not explain why this would bar
prosecution of another cause. We need not decide the question, as it was not presented to the
district court.

 The two points of error are overruled. The order of the district court is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: February 17, 1993

[Do Not Publish]