**Ex parte Christopher Carl CAMPBELL.**

**No. 2–93–004–CR.**

Court of Appeals of Texas,
Fort Worth.

March 16, 1994.

Discretionary Review Refused
June 15, 1994.

Ricky B. Perritt, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Kathleen A. Walsh, Asst. Dist. Atty., Denton, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

OPINION

HICKS, Justice.

Christopher Carl Campbell was convicted of the offense of attempted capital murder. *See* TEX.PENAL CODE ANN. §§ 15.01, 19.03 (Vernon Supp.1994). He was sentenced to forty years in the Institutional Division of the Texas Department of Criminal Justice. In an unpublished opinion authored by Justice Day, this court reversed the judgment of the trial court and remanded the case for a new trial. At the initial trial, appellant raised the affirmative defense of insanity. As an affirmative defense, he then had the burden of proof. TEX.PENAL CODE ANN. § 2.04 (Vernon 1974). We held that the jury's implicit find-

ing that appellant was sane at the time of the offense was against the great weight and preponderance of the evidence.

Appellant, before the start of the second trial, filed an application for a writ of habeas corpus and special plea in bar which was denied by the trial court. On appeal, in two points of error appellant alleges that the trial court erred in denying the relief requested in his application for a writ of habeas corpus and special plea in bar since the doctrine of collateral estoppel prohibits the State from prosecuting him, and because there was no evidence of appellant's sanity and therefore he is entitled to an acquittal. We affirm.

 We are presented with some interesting questions in this appeal. Appellant argues that the principle of collateral estoppel is applicable in this case. That principle stands for the proposition that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 477 (1970).

In the initial trial of this case, numerous witnesses testified that appellant was insane, including the court-appointed expert, Dr. Clay Griffin. We agree with appellant that the State offered no witnesses at all at any time about appellant's sanity. Appellant argues that because the State presented no evidence at the initial trial as to his sanity that it is now precluded from offering any evidence at all in a subsequent trial. If we accept that proposition, the State is prohibited from carrying forth its burden of proof. However, for us to sustain appellant's point of error, it must be shown that there has been a final and valid judgment on that issue. *Garcia v. State,* 768 S.W.2d 726, 730 (Tex. Crim.App.1987) (opinion on reh'g); *Ex parte Lane,* 806 S.W.2d 336, 338 (Tex.App.—Fort Worth 1991, no pet.).

 This court reversed the judgment of the trial court and remanded the case for a new trial. There is no final and valid judgment of conviction. The reversal of a judgment on appeal eliminates its status as being final and valid for purposes of collateral es-

toppel. *Garcia,* 768 S.W.2d at 730. A new trial is then not barred. The doctrine of collateral estoppel is not applicable at this stage in the proceedings.

In addition, we note that the recent case of *Ex parte Schuessler,* 846 S.W.2d 850 (Tex.Crim.App.1993), also involves a sanity finding that is against the great weight and preponderance of the evidence. Although *Schuessler* addresses the appropriate standard of review rather than the issue of collateral estoppel, it is apparent that after a sanity finding is determined to be factually insufficient the proper action is to reverse and remand for a new trial. *Id.* at 853 & n. 8. Points one and two are overruled.

We affirm the trial court's order denying appellant's application for writ of habeas corpus and special plea in bar.