**Ex parte Jimmy Dean WATKINS.**

**Nos. 2–00–062–CR, 2–00–063–CR.**

Court of Appeals of Texas,
Fort Worth.

June 7, 2001.

Discretionary Review Granted
Oct. 3, 2001.

Lisa Mullin of Fort Worth, Attorney for Appellant.

Tim Curry, Criminal District Attorney and Charles M. Mallin, Steven W. Conder, and James Cook, Assistant District Attorneys of Fort Worth, Attorneys for State.

PANEL B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

DAY, Justice.

### I. INTRODUCTION

This is an appeal following the trial court's denial of Appellant Jimmy Dean Watkins's request for habeas relief pending his trial for attempted capital murder or attempted murder. Appellant argues that a trial on attempted capital murder or attempted murder is precluded by collateral estoppel and double jeopardy due to his previous conviction for the murder of his wife. We reverse the trial court's order.

### II. BACKGROUND

On December 22, 1998, Appellant drove to his home and shot his estranged wife and her lover Keith Fontenot. His wife died, but Fontenot survived. A jury convicted Appellant of the intentional and knowing murder of his wife. However, during the sentencing phase of the trial, the jury found that the murder occurred in sudden passion and assessed punishment at ten years' community supervision.[1]

After Appellant's murder trial, the State indicted Appellant for the attempted capital murder or attempted murder of Fontenot. Appellant filed a pretrial writ of habeas corpus alleging that the doctrine of collateral estoppel barred relitigation of the issue of his mental state and that the Double Jeopardy Clause barred his prosecution for the attempted capital murder of Fontenot. See U.S. CONST. amend. V. The trial court denied habeas relief.

### III. COLLATERAL ESTOPPEL

■ In his first issue, Appellant contends that the State is barred by collateral estoppel from prosecuting him for attempted capital murder or attempted murder of Fontenot because the jury that convicted him of the murder of his wife already decided Appellant's state of mind at the time of the crime. The doctrine of collateral estoppel is derivative of the Double Jeopardy Clause and provides that if an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot be relitigated between the same parties in a subsequent lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Sorola v. State,* 769 S.W.2d 920, 924 (Tex. Crim.App.), *cert. denied,* 493 U.S. 1005, 110 S.Ct. 569, 107 L.Ed.2d 563 (1989).

The jury in Appellant's murder trial decided that he intentionally and knowingly shot and killed his wife, but committed the crime in the heat of sudden passion arising from an adequate cause. Therefore, Appellant contends that because the jury determined that he had the mental state necessary only for second degree murder, the State is precluded from trying him for attempted capital murder or attempted first degree murder of Fontenot requiring a higher mental state. According to Appellant, in finding that he acted out of sudden passion, the jury determined his mental state at the time of the crime, and the State is collaterally estopped from relitigating the issue in a future trial. *See, e.g., Green v. United States,* 355 U.S. 184, 190–91, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957); *De La Rosa v. Lynaugh,* 817 F.2d 259, 268 (5th Cir.1987); *Green v. Estelle,* 601 F.2d 877, 878–79 (5th Cir.1979); *Garcia v. Garza,* 729 F.Supp. 553, 554–55 (S.D.Tex.1989).

On the other hand, the State argues that a favorable finding on the issue of sudden

---

1. Appellant appealed his murder conviction to this court in cause number 2–99–482–CR. We affirmed the conviction on January 11, 2001, and mandate issued on March 29, 2001.

66666666666666666666666666666666666

passion in Appellant's first trial did not "acquit" him of acting intentionally or knowingly—the requisite culpable mental state for capital murder or murder. It urges that this fact compounded with the fact that sudden passion "no longer constitutes a separate homicide" and is no longer a guilt/innocence issue, but is instead a matter of punishment, removes "the issue of whether 'sudden passion' is a less-culpable mental state." *See* TEX. PENAL CODE ANN. § 19.02(d) (Vernon 1994). We agree.

 First, we find no support, and Appellant cites us to none, for his argument that the capital murder statute "excludes second degree murder as applicable to a capital murder charge." *See id.* § 19.03(a). Secondly, the fact that the jury found Appellant acted with sudden passion in killing his wife does not negate the fact that he intentionally or knowingly killed his wife. "Sudden passion" is no longer a guilt/innocence issue; instead, it is a mitigating circumstance at the punishment phase for defendants found guilty of murder. *Wesbrook v. State,* 29 S.W.3d 103, 113 (Tex.Crim.App.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). Accordingly, we conclude that a finding of sudden passion in Appellant's first trial does not preclude his prosecution for the attempted capital murder or attempted murder of Fontenot.

 We are, however, constrained to hold that the State is precluded from relitigating the issue of sudden passion during the punishment phase in the second trial if Appellant is found guilty of attempted murder or attempted capital murder of Fontenot. *See Ex parte Mathes,* 830 S.W.2d 596, 598–99 (Tex.Crim.App.1992). The court of criminal appeals has held that the doctrine of collateral estoppel is applicable to the punishment phase in a criminal prosecution. *Id.* at 598. Thus, after the jury in Appellant's first trial deter-

mined that he acted in sudden passion, an ultimate issue on punishment, the State may not "hale" him before a new jury to relitigate that issue again. *See Ashe,* 397 U.S. at 446, 90 S.Ct. at 1195. To this extent, we sustain Appellant's first issue.

## IV. DOUBLE JEOPARDY

In his second issue, Appellant complains that the State is barred by double jeopardy from indicting him for the attempted capital murder of Fontenot. Specifically, Appellant argues that because he has already been convicted and punished for the murder of his wife, the State cannot use that offense "as an essential element" of attempted capital murder. We disagree.

 The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. amend. V. This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556 (1993); *Ex parte Herron,* 790 S.W.2d 623, 624 (Tex.Crim.App.1990) (op. on reh'g).

In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court established the test for determining whether a "second" statutorily defined offense is the "same" for purposes of double jeopardy. The Supreme Court held, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the

other does not." *Id.* at 304, 52 S.Ct. at 182.

The penal code defines murder, in relevant part, as intentionally or knowingly causing the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1).

Capital murder is defined, in turn, as intentionally or knowingly causing the death of "more than one person during the same criminal transaction." *Id.* § 19.03(a)(7)(A).

The penal code defines criminal attempt, in relevant part, as follows: "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Id.* § 15.01.

▮ The question is whether Appellant's acts of murdering his wife and attempting to murder Fontenot during the same transaction were the same crime precluding multiple convictions and sentences. We conclude they are not. The offenses involved separate victims; thus, they are separate and distinct offenses, and double jeopardy protection does not apply. *Phillips v. State,* 787 S.W.2d 391, 393–95 (Tex. Crim.App.1990); *Garcia v. State,* 768 S.W.2d 726, 727–28 (Tex.Crim.App.1987). Further, in the murder prosecution, it was necessary for the State to prove Appellant murdered his wife. In the subsequent prosecution, the State needs only to prove Appellant attempted to murder more than one person during the same criminal transaction, not that he actually murdered more than one person or at least one person. *See Hidalgo v. State,* 945 S.W.2d 313, 316 (Tex.App.—San Antonio 1997), *aff'd on other grounds,* 983 S.W.2d 746 (Tex.Crim. App.1999). Thus, the proof necessary to show each offense is different, and Appellant is not being retried or punished for the same offense. Accordingly, we overrule Appellant's second issue.

## V. CONCLUSION

We sustain Appellant's first issue in part, reverse the trial court's order, and remand this case for further proceedings consistent with this opinion.