# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==================
## ON REMAND
==================

==================
## NO. 03-02-00624-CR
==================

**Charlie Flenteroy, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. 3013664, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On original submission, we noted that this appeal presented "an unusual procedural question." *Flenteroy v. State*, 105 S.W.3d 702, 704 (Tex. App.—Austin 2003). Appellant Flenteroy was indicted for aggravated robbery by using or exhibiting a deadly weapon, "to wit: a screwdriver." *See* Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). The offense was submitted to the jury at the guilt/innocence stage of the trial as alleged. During deliberations, the jury asked whether it had to find a screwdriver was used "in order to find that a deadly weapon was used." The trial court responded that it was not permitted to answer the question. The jury found appellant guilty of the

lesser included offense of robbery, rejecting an essential element of aggravated robbery offense charged. *Id*.

At the penalty stage of the trial, over objection, another deadly weapon issue was resubmitted to the jury without further notice to appellant and without further evidence. The jury was instructed to fill in a blank in its verdict form naming and specifying the instrument used or exhibited and determine whether it was a deadly weapon. The prosecutor, in his argument, urged the jury to fill in the blank with a "hard metal-like object." The jury did so and assessed appellant's punishment at twenty years' imprisonment.

On original submission, we held that appellant was denied notice that the State would seek a second finding of a deadly weapon (a "hard metal-like object") at the penalty stage of the trial when the only notice given was the indictment's allegation that a screwdriver had been used as a deadly weapon. *Id*. at 71. We concluded that appellant was harmed by having his liberty interest (parole eligibility) diminished by the erroneous deadly weapon finding. We deleted the affirmative finding of a deadly weapon from the judgment and affirmed the robbery judgment of conviction, as modified. *Id*.

The State's petition for discretionary review was granted. In *Flenteroy v. State*, No. P.D. 831-03, 2005 Tex. Crim. App. LEXIS 519 (Tex. Crim. App. April 6, 2005), the Court of Criminal Appeals in a 6-2 opinion reversed the judgment of this Court and remanded the cause for proceedings consistent with its opinion. *Id*. (at *16). The opinion commenced, "The controlling issue in this cause is whether a variance between a deadly weapon allegation in the indictment (a screwdriver) and proof at trial ("a hard metal-like object") is material. We decide that this variance

is not material." *Id*. at *1.[1]  The court noted that appellant denied using a weapon and testified that he got in the car and drove off when the complainant went to the convenience store. *Id*. at *2.  The court observed, however, that the State presented evidence that appellant threatened the complainant "with some type of weapon" during the course of the robbery, and "used either a knife, or a screwdriver, or a hard metal-like object." *Id*.  The Court of Criminal Appeals concluded that the State proved beyond a reasonable doubt that appellant "used some type of deadly weapon," that the State timely informed appellant it would seek a deadly weapon finding at trial, and the issue "comes down to whether the variance between" the indictment's allegation of a screwdriver and proof at trial (a "hard metal-like object") was material. *Id*. at *14.  The court then stated:

> Where, as here, the evidence is sufficient to support the jury's finding that appellant used a "hard metal-like object" as a deadly weapon but the State did not prove exactly what it alleged (i.e., a screwdriver), the issue is whether the indictment "informed appellant of the charge against him sufficiently to show harm to prepare an adequate defense at trial. *See Gollihar*, 46 S.W.3d at 248.

*Id*. at *14-15.

The Court then determined that that appellant's defense was not affected by the "screwdriver" allegation and did not depend on whether any particular type of weapon was used. *Id*. at *15-16.  Again, it was asserted there was no material variance between the "screwdriver" allegation and proof of a "hard metal-like object." *Id*. at *16.  The court then added:

---

[1]  The Texas Court of Criminal Appeals's approach appeared to be based on the State's wording of the grounds for review. *See Flenteroy v. State*, No. P.D. 831-03, 2005 Tex. Crim. App. LEXIS 519, at *1 (Tex. Crim. App. April 6, 2005).  As noted in the dissenting opinion: "Contrary to the State's assertions, the court of appeals' opinion did not rely upon the fact that appellant lacked notice that use of a deadly weapon would be an issue at trial. *Id*. at *21 (Johnson, J., dissenting).

> While this Court may not necessarily condone the unorthodox procedure followed by the trial court, we cannot say that in this particular case and on this particular record that this procedure fundamentally violated appellant's federal and state constitutional rights.

*Id*.

Following the action of the Court of Criminal Appeals, this Court notified counsel and gave the parties an opportunity to file a brief after remand. *See Theus v. State*, 863 S.W.2d 489, 491 (Tex. Crim. App. 1993). No briefs have been filed.

Appellant's fourth point of error was the only contention not addressed on original submission. In it, appellant contends that the constitutional doctrine of collateral estoppel prohibited the prosecution from relitigating "via the submitted special issue at the punishment phase, whether appellant used or exhibited a deadly weapon."

The theory of collateral estoppel is embodied in the constitutional guarantee against double jeopardy and precludes the State from twice litigating issues of ultimate fact. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970); *Chavez v. State*, 860 S.W.2d 714, 716 (Tex. App.—El Paso 1993, no pet.).

Collateral estoppel only applies after an issue of fact has been determined by a valid and final judgment. *See Ashe*, 397 U.S. at 444; *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); *Gongora v. State*, 916 S.W.2d 570, 574 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). A conviction from which an appeal has been taken is not considered final until the conviction is affirmed and the mandate of affirmance becomes final. *Garcia v. State*, 768 S.W.2d 726, 730 (Tex. Crim. App. 1987).

Moreover, article 37.07, section 3(c) provides:

In cases where the matter of punishment is referred to the jury, the verdict will not be complete until the jury has rendered a verdict on both the guilt or innocence of the defendant and the amount of punishment where the jury finds the defendant guilty.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(c) (West Supp. 2004-05).

Here, there was no final judgment. Like in *Chavez*, the arguably inconsistent findings were contained in the guilt and punishment stages of the same bifurcated trial. *See* 860 S.W.2d at 716. The doctrine of collateral estoppel has no application here. Appellant's fourth point of error is without merit and is overruled.

The judgment of conviction for robbery, with the affirmative finding of the use as exhibition of a deadly weapon, a "hard metal-like object," is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Patterson and Onion[*]

Affirmed

Filed: August 25, 2005

Do Not Publish

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).