TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON REMAND







NO. 03-02-00624-CR







Charlie Flenteroy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 3013664, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 On original submission, we noted that this appeal presented "an unusual procedural
question." Flenteroy v. State, 105 S.W.3d 702, 704 (Tex. App.--Austin 2003). Appellant Flenteroy
was indicted for aggravated robbery by using or exhibiting a deadly weapon, "to wit: a screwdriver." 
See Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). The offense was submitted to the jury at the
guilt/innocence stage of the trial as alleged. During deliberations, the jury asked whether it had to
find a screwdriver was used "in order to find that a deadly weapon was used." The trial court
responded that it was not permitted to answer the question. The jury found appellant guilty of the
lesser included offense of robbery, rejecting an essential element of aggravated robbery offense
charged. Id. 

 At the penalty stage of the trial, over objection, another deadly weapon issue was
resubmitted to the jury without further notice to appellant and without further evidence. The jury
was instructed to fill in a blank in its verdict form naming and specifying the instrument used or
exhibited and determine whether it was a deadly weapon. The prosecutor, in his argument, urged
the jury to fill in the blank with a "hard metal-like object." The jury did so and assessed appellant's
punishment at twenty years' imprisonment. 

 On original submission, we held that appellant was denied notice that the State would
seek a second finding of a deadly weapon (a "hard metal-like object") at the penalty stage of the trial
when the only notice given was the indictment's allegation that a screwdriver had been used as a
deadly weapon. Id. at 71. We concluded that appellant was harmed by having his liberty interest
(parole eligibility) diminished by the erroneous deadly weapon finding. We deleted the affirmative
finding of a deadly weapon from the judgment and affirmed the robbery judgment of conviction, as
modified. Id. 

 The State's petition for discretionary review was granted. In Flenteroy v. State, No.
P.D. 831-03, 2005 Tex. Crim. App. LEXIS 519 (Tex. Crim. App. April 6, 2005), the Court of
Criminal Appeals in a 6-2 opinion reversed the judgment of this Court and remanded the cause for
proceedings consistent with its opinion. Id. (at *16). The opinion commenced, "The controlling
issue in this cause is whether a variance between a deadly weapon allegation in the indictment (a
screwdriver) and proof at trial ("a hard metal-like object") is material. We decide that this variance
is not material." Id. at *1. (1) The court noted that appellant denied using a weapon and testified that
he got in the car and drove off when the complainant went to the convenience store. Id. at *2. The
court observed, however, that the State presented evidence that appellant threatened the complainant
"with some type of weapon" during the course of the robbery, and "used either a knife, or a
screwdriver, or a hard metal-like object." Id. The Court of Criminal Appeals concluded that the
State proved beyond a reasonable doubt that appellant "used some type of deadly weapon," that the
State timely informed appellant it would seek a deadly weapon finding at trial, and the issue "comes
down to whether the variance between" the indictment's allegation of a screwdriver and proof at trial
(a "hard metal-like object") was material. Id. at *14. The court then stated:


Where, as here, the evidence is sufficient to support the jury's finding that appellant
used a "hard metal-like object" as a deadly weapon but the State did not prove
exactly what it alleged (i.e., a screwdriver), the issue is whether the indictment
"informed appellant of the charge against him sufficiently to show harm to prepare
an adequate defense at trial. See Gollihar, 46 S.W.3d at 248. 



Id. at *14-15. 

 The Court then determined that that appellant's defense was not affected by the
"screwdriver" allegation and did not depend on whether any particular type of weapon was used. 
Id. at *15-16. Again, it was asserted there was no material variance between the "screwdriver"
allegation and proof of a "hard metal-like object." Id. at *16. The court then added:


While this Court may not necessarily condone the unorthodox procedure followed
by the trial court, we cannot say that in this particular case and on this particular
record that this procedure fundamentally violated appellant's federal and state
constitutional rights. 



Id. 


 Following the action of the Court of Criminal Appeals, this Court notified counsel
and gave the parties an opportunity to file a brief after remand. See Theus v. State, 863 S.W.2d 489,
491 (Tex. Crim. App. 1993). No briefs have been filed. 

 Appellant's fourth point of error was the only contention not addressed on original
submission. In it, appellant contends that the constitutional doctrine of collateral estoppel prohibited
the prosecution from relitigating "via the submitted special issue at the punishment phase, whether
appellant used or exhibited a deadly weapon." 

 The theory of collateral estoppel is embodied in the constitutional guarantee against
double jeopardy and precludes the State from twice litigating issues of ultimate fact. See Ashe v.
Swenson, 397 U.S. 436, 443 (1970); Chavez v. State, 860 S.W.2d 714, 716 (Tex. App.--El Paso
1993, no pet.). 

 Collateral estoppel only applies after an issue of fact has been determined by a valid
and final judgment. See Ashe, 397 U.S. at 444; Ex parte Tarver, 725 S.W.2d 195, 198 (Tex. Crim.
App. 1986); Gongora v. State, 916 S.W.2d 570, 574 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd). A conviction from which an appeal has been taken is not considered final until the conviction
is affirmed and the mandate of affirmance becomes final. Garcia v. State, 768 S.W.2d 726, 730
(Tex. Crim. App. 1987).

 Moreover, article 37.07, section 3(c) provides: 


In cases where the matter of punishment is referred to the jury, the verdict will not
be complete until the jury has rendered a verdict on both the guilt or innocence of the
defendant and the amount of punishment where the jury finds the defendant guilty.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(c) (West Supp. 2004-05). 

 Here, there was no final judgment. Like in Chavez, the arguably inconsistent findings
were contained in the guilt and punishment stages of the same bifurcated trial. See 860 S.W.2d at
716. The doctrine of collateral estoppel has no application here. Appellant's fourth point of error
is without merit and is overruled. 

 The judgment of conviction for robbery, with the affirmative finding of the use as
exhibition of a deadly weapon, a "hard metal-like object," is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Patterson and Onion*

Affirmed

Filed: August 25, 2005

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The Texas Court of Criminal Appeals's approach appeared to be based on the State's
wording of the grounds for review. See Flenteroy v. State, No. P.D. 831-03, 2005 Tex. Crim. App.
LEXIS 519, at *1 (Tex. Crim. App. April 6, 2005). As noted in the dissenting opinion: "Contrary
to the State's assertions, the court of appeals' opinion did not rely upon the fact that appellant lacked
notice that use of a deadly weapon would be an issue at trial. Id. at *21 (Johnson, J., dissenting).