NUMBER 13-07-00128-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG

 


EX PARTE: SERGIO CASTILLO

 


On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez
 


 Appellant, Sergio Castillo, appeals from the trial court's denial of his pre-trial writ of
habeas corpus. We affirm. 

I. Background

 On July 1, 1994, appellant was convicted of the offense of attempted murder. See
Tex. Penal Code Ann. § § 15.01, 19.02 (Vernon 2003). He was sentenced to 25 years in
the Institutional Division of the Texas Department of Criminal Justice. In an unpublished
opinion this Court affirmed appellant's conviction. 

 On September 11, 2002, appellant, pursuant to article 11.07 of the code of criminal
procedure, filed a post-conviction writ of habeas corpus. See Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon 2005). In his writ, appellant asserted both an actual innocence claim
and prosecutorial misconduct premised on the State's withholding of exculpatory evidence. 
On June 4, 2003, appellant's writ was received by the Texas Court of Criminal Appeals. 
See id. § 3(a). On March 14, 2006, the trial court entered "Findings of Fact and
Conclusions of Law and Recommendations for Relief to the Texas Court of Criminal
Appeals." The trial court determined that (1) the State failed to disclose material evidence
favorable to the accused in violation of due process rights guaranteed by the Fourteenth
Amendment, and (2) evidence of appellant's guilt is far outweighed by the evidence of
appellant's innocence. 

 The Texas Court of Criminal Appeals delivered its opinion on June 21, 2006. See
Ex parte Castillo, No. AP-74,460. In its opinion, the Court of Criminal Appeals adopted the
recommendations of the trial court, holding that appellant had been denied exculpatory
material by the State and granted relief as follows: "Relief is granted. Appellant is
remanded to the sheriff of Cameron County to answer the indictment." Id. The opinion is
silent with regard to appellant's actual innocence claim. 

 On remand, the State sought to schedule appellant's case for retrial. Appellant, in
order to prevent his retrial, filed the present petition for writ of habeas corpus. In his
petition, appellant alleged that the State's attempt to re-prosecute him is barred by the
principle of collateral estoppel. The trial court denied relief. This appeal ensued. 

II. Analysis 

 In a single issue, appellant argues that the State is barred from proceeding to trial
on the offense of attempted murder because the trial court made a judicial finding that
appellant "unquestionably establish[ed] his actual innocence" of the act of shooting Sergio
Garcia, Jr. with a firearm. Appellant asserts that the court of criminal appeals' decision is
irrelevant to appellant's straightforward claim that the district court's initial fact finding bars
relitigation of those findings. We disagree. 

 The theory of collateral estoppel is embodied in the constitutional guarantee against
double jeopardy and precludes the State from twice litigating issues of ultimate fact. See
Ashe v. Swenson, 397 U.S. 436, 443 (1970). Collateral estoppel only applies after an
issue of fact has been determined by a valid and final judgment. See id. at 444; Ex parte
Tarver, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); Gongora v. State, 916 S.W.2d 570,
574 (Tex. App-Houston [1st Dist.] 1996, pet. ref'd). Here, however, there is no valid and
final judgment. When a trial court's judgment is reversed on appeal, the trial court's
judgment is no longer valid for purposes of collateral estoppel. See Garcia v. State, 768
S.W.2d 726, 729 (Tex. Crim. App. 1987); Shute v. State, 945 S.W.2d 230, 231-32 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd); Ex parte Campbell, 872 S.W.2d 48, 49 (Tex.
App.-Forth Worth 1994, pet. ref'd). 

 The Texas Court of Criminal Appeals granted appellant's claim for relief and, in
effect, vacated his original conviction and sentence. A new trial is then not barred. See
Ex parte Mitchell, 977 S.W.2d 575, 578 (Tex. Crim. App. 1997) (holding that the proper
remedy after a finding of prosecutorial misconduct is a reversal of conviction and remand
for new trial). A claim of collateral estoppel cannot flow from an invalid judgment of
conviction which is not final. See Garcia, 768 S.W.2d at 729. The doctrine of collateral
estoppel, therefore, is inapplicable.

 Further, appellant's reliance on the trial court's findings of fact to support his
collateral estoppel claim is clearly incorrect. By legislative mandate, after final conviction
in a felony case, any writ of habeas corpus must be made returnable to the court of
criminal appeals. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005). 
State trial courts are without jurisdiction to grant relief sought in a post-felony conviction writ
of habeas corpus, and any order purporting to do so is void. Ex parte Alexander, 685
S.W.2d 57, 60 (Tex. Crim. App. 1985); Parr v. State, 206 S.W.3d 143, 145 (Tex.
App.-Waco, 2006 no pet.). 

 Appellant cites to no authority to support his position that a trial court's findings of
fact are deemed a final judgment for purposes of collateral estoppel. On the contrary, it
is well established that the Court of Criminal Appeals is not bound by the finding of a trial
court in a habeas corpus proceeding and may make contrary findings when the record will
not support the trial court's findings. See, e.g., Ex parte Olivares, 202 S.W.3d 771, 772
(Tex. Crim. App. 2006) (citing Ex parte Bagley, 509 S.W.2d 332, 335 (Tex. Crim. App.
1974)). Thus, without a final judgment to support his collateral estoppel claim, appellant's
argument on appeal is without merit. Appellant's sole issue is overruled. 

III. Conclusion 

 We affirm the trial court's order denying appellant's application for writ of habeas
corpus. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 30th day of August, 2007.