870-17

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

ORIGINAL

NO. PD-0870-17

DONALD ALLEN TURNER, Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 20 2017

Deana Williamson, Clerk

Vs.

THE STATE OF TEXAS, Appellee.

---

APPELLANT FILES HIS PETITION FOR
DISCRETIONARY REVIEW, TEXAS RULE OF APPELLATE PROCEDURE 68.

FILED IN
COURT OF CRIMINAL APPEALS

OCT 20 2017

Deana Williamson, Clerk

---

ON APPEAL FROM THE DENIAL OF APPELLANT'S LEAVE TO AMEND
TRIAL COURT'S CERTIFICATION, RIGHT TO APPEAL. FROM THE COURT
OF APPEALS, ELEVENTH DISTRICT OF TEXAS, IN CAUSE NO. 11-17-00165-CR.

---

APPEAL FROM THE 142nd DISTRICT COURT,
MIDLAND COUNTY, TEXAS. CAUSE NO. CRA-16,002.

---

Submitted By:
Donald Allen Turner, TDC # 1248114
3 Jester Road
Richmond, Texas    77406

# IDENTITY OF PARTIES

Appellant,
Donald Allen Turner
Jester III Unit--TDC# 1248114
3 Jester Road
Richmond, Texas   77406

Attorney for Appellant,
Paul Williams
Williams & Kirk
303 W. Wall, Street, Ste. #417. N.C.N.B. Bldg.
Midland, Texas   79701

Assistant District Attorneys,
Windel M. Gibson
Ms. Robin Sams

Official Court Reporter,
Jerry Shorts
142nd Judicial District Court
P.O. Box 1922
Midland, Texas   79702

Judge Presiding,
Honorable Pat M. Baskin
Honorable George D. Gilles
200 W. Wall, Suite # 301
Midland, Texas   79701

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES.....................................i

TABLE OF CONTENTS................................................ii

INDEX OF AUTHORTIES.............................................iii

STATEMENT REGARDING ORAL ARGUMENT...............................iv

STATEMENT OF THE CASE............................................v

GROUNDS FOR REVIEW.............................................vii

ARGUMENT...............................................Pgs. 1-8

PRAYER FOR RELIEF.............................................viii

APPENDIX........................................................ix

QUESTIONS AND GROUNDS FOR REVIEW:

IS THE SUBSUMPTION THEORY OF Patterson v. State, STILL VALID IN LIGHT OF THIS COURT'S MORE RECENT CASE LAW?

WHEN IS A COLLATERAL ESTOPPEL CLAIM BASED ON DOUBLE JEOPARDY PRINCIPLES?

GROUNDS:

ONE:  TRIAL COUNSEL WAS INEFFECTIVE AT PRETRIAL--WHERE HE FAILED TO QUASH INDICTMENT, BASED ON DOUBLE-JEOPARDY GROUNDS. IN THE 142 nd DISTRICT COURT. IN CASE NO. CRA-16,002. MIDLAND COUNTY, TEXAS.

TWO:  TRIAL COUNSEL'S FAILURE TO INVESTIGATE--WHERE THIS CASE FALLS UNDER "ELEMENTS" ANALYSIS, AND "UNITS" ANALYSIS.

THREE:  TRIAL COUNSEL'S FAILURE TO INVESTIGATE--WHERE APPELLANT FALLS UNDER THE "MERGER DOCTRINE", "THE SINGLE IMPULSE DOCTRINE", OR HERE IN TEXAS, "THE DOCTRINE OF SUBSUMED ACTS".

FOUR:  TRIAL COUNSEL'S FAILURE TO REQUIRE THE STATE TO ELECT, WHEN THE STATE HANDED DOWN A TEN-COUNT INDICTMENT.

FIVE:  TRIAL COUNSEL WAS INEFFECTIVE AT PRETRIAL, AND AT SENTENCING PHASE--WHERE HE FAILED TO INVESTIGATE THE ELIGIBILITY OF PRIOR CONVICTION FOR ENHANCEMENT PURPOSES. IN THE 243rd DISTRICT COURT, IN CASE NO. 20030D03096. EL PASO COUNTY, TEXAS. COLLATERAL ESTOPPEL-DOUBLE JEOPARDY CLAIM.

# INDEX OF AUTHORITIES

Aekins v. State, 447 S.W. 3d 270, 285 (Tex. Crim. App. 2014)Pg.3

Appendi v. New Jersey, 580 U.S. at 466 (2000)..............Page, 8

Ashe v. Swenson, 397 U.S. 436, 443, 25 L.Ed. 2d 469, 90 S.Ct. 1189 (1970).......................................Page,7-8

Blockburger w. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).................................Page,1-2-3

Carmell v. Texas, 120 S.Ct. at 1620 (2000).................Page,6

Ex parte Amador, 326 S.W. 3d 202, 206 n.5 (Tex. Crim. App.2014),1

Ex parte Watkins, 52 S.W. 3d 858, 2001 (Tex. Crim. App.) LEXIS 3821 (Forth Worth, 2001); Reporter, 73 S.W. 3d 264; 2002, (Tex.- Crim. App. LEXIS 70*)................................Page,7-8

Garfias v. State, 424 S.W. 3d 54, 58 (Tex. Crim. App. 2014).Pg.1-4

Goodbread, 967S.W. 2d at 860................................Page,3

Harvey v. State, 367 S.W. 3d 513, 515 (Tex. App. Texarkana,2012, pet. ref'd)................................................Page,2

Hawkins, 6 S.W. 3d at 557 n. 8.............................Page,3

Loving v. State, 401 S.W. 3d 642, 645-46 (Tex. Crim. App. 2013),4

Luna v. State, 493 S.W. 2d 854 (Tex. Crim. App. 1973)......Page,3

People v. Henderson, 810 P. 2d 1058, 1060 (Colo. 1991).....Page,3

Phillips, 193 S.W. 3d at 909...............................Page,5

State v. Lee, 15 S.W. 3d 921, 929 (Tex. Crim. App. 2000)...Page,8

447 S.W. 3d at 270 (Tex. Crim. App. 2014).................Page,1

461 S.W. 3d at 144 (Tex. Crim. App. 2015).................Page,3

## STATUTES

| | | |
|---|---|---|
| TRAP 2 | 21.11(a)(1), (a)(2) | Art. 38.07 |
| TRAP 66.3(a),(f) | 22.021(a)(1)(B) | |
| TRAP 68 | 21.11 (a)(1) | |
| TRAP 68.3(a) | 21.01(2) | |
| TRAP 44.2(a),(b) | | |
| TRAP 25.2(f) | | |
| TRAP 37.1 | | |
| TRAP 27.1 and 25.2(e), 10.5(a), (b) | | |

# STATEMENT REGARDING ORAL ARGUMENT

Appellant does not requests oral argument. Pursuant to Texas Rules of Appellate Procedure 39.

# STATEMENT OF CASE

Appellant was indicted in the 142nd District Court of Midland County, Texas, on June 8th, 1989, in Case No. CRA-15,796. On a Ten (10) count indictment, charging aggravated sexual assault of a child. Jury was seated and sworn in--the Midland County Jury Verdict (Hung Jury).

The State of Texas re-indicted defendant in the 142nd District Court of Midland County, Texas. On August 23rd, 1989, in Case No. CRA-16,002, on another Ten (10) count indictment, using some of the same names in the first indictment after [he was aquitted] of the first indictment.

The State offered defendant Ten (10) years deferred adjudication, the defendant accepted the Probation. On October 1993, defendant violated after serving Four (4) years--the State filed Motion to adjudicated, the State's recommended Fifteen (15) years TDC. Appellant was released under [Mandatory Supervision law] after serving Six (6) years.

Appellant was then relocated after making parole to El Paso County, Texas. Where he violated his parole. Appellant was charged in a Two (2) count indictment on March 7th, 2003. Under TEX. PEN. CODE §§ 21.11 (a)(1), 22.021(a)(1)(ii), indecency with a child by contact, aggravated sexual assault. in the 243rd District Court of El Paso County, Texas. In Cause No. 20030D03096. Where the 243rd District Court handed down a life sentence on May 24th, 2004. (RR, Vol. 6 of 10).

STATEMENT OF QUESTIONS

ONE: WHEN IS A COLLATERAL ESTOPPEL CLAIM BASED ON DOUBLE JEOPARDY
PRINCIPLES?

TWO: IS THE SUBSUMPTION THEORY OF PATTERSON v. STATE, STILL VALID
IN LIGHT OF THIS COURT'S MORE RECENT CASE LAW?

THREE: DOES APPELLANT FALL UNDER TEX. CODE OF CRIM. PROC. ANN. Art.
38.07, BEFORE ITS AMENDMENT ON SEPT. 1ST,1993?
(defendant cannot be convicted on testimony alone), AS IN
CARMELL v. TEXAS, 120 S.Ct. 1620 (2000).

# STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals, Eleventh District of Texas, issued its order on June 16th, 2017.In Case No. 11-17-00165-CR; Trial Court No. CRA-16,002. Styled: Donald Allen Turner v. The State of Texas.

We have this day received and filed a copy of Appellant's Pro Se Notice of Appeal and the Trial Court Information from in the above cause. We note that the Notice of Appeal appears to be untimely filed in the trial court. The date due was December 30, 1993. Tex. R.APP. 26.2. The sentence was imposed on November 3, 1993; and the Notice of Appeal was filed on June 15, 2017, 23 years and 197 days after the date that the sentence was imposed. Appellant is requested to respond on or before July 3, 2017, showing grounds for continuing this appeal, which may include proof of mailing. Absent a timely filed Notice of Appeal, this appeal may be dismissed for want of jurisdiction. Tex. R. APP. 25.2.

On June 30th, 2017, this Court issued its order in the above case, we have this day received and filed ^Appellant's First Request to Extend Time to File his Response--Pursuant to TRAP 10.5(a),(b) in the above cause.We will advise you of the Court's action on this motion.

On July 3rd, 2017, the Court issued its order in the above case, we have this day received and filed Applant's Pro Se response showing grounds to continue this appeal in the above cause. Enclosed, Mr. Turner will find his original exhibit documents.

On July 13th, 2017, the Court issued its order in the above cause. The Court has this day DISMISSED the appeal in the above cause. Copies of the Court's opinion and judgment are attached. Appellant is advised that a Petition for Discretionary Review may be filed with the Clerk, Court of Criminal Appeals, Austin, Texas. No copy is required for the Eleventh Court of Appeals.

On July 17th, 2017, the Court issued its order in the above cause. We have this day received and filed ^Appellant Seeking Leave to Amend Certification of his right to appeal. TRAP 25.2(f), 25.2(e), 27.1, (Motion for Rehearing) in the above cause.We will advise you of the

Court's action on this motion.

On July 27th, 207, the Court issued its order in the above cause. The Court has this day DENIED ^Appellant seeking leave to amend certification of his right to appeal. TRAP 25.2(f), 25.2(e),37.1` (Motion for Rehearing) in the above cause.

The Court has also this day DENIED Appellant's pro se amended motion for rehearing in the above cause.

If either party wishes to file a Petition for Discretionary Review, please note:

1) Pursuant to Tex. R. APP. P. 68.3(a), the petition and all copies of the petition must be filed with the Clerk of the Court of Criminal Appeals; and

2) Pursuant to Tex. R. APP. P. 68.4(j), a copy of this Court's opinion must be attached to each copy of the Petition for Discretionary Review.

The ELEVENTH COURT OF APPEALS, issued its memorandum opinion in the above Cause on July 13th, 2017. Attached in appendix.

\*                          \*\*\*\*\*\*                          \*

The Court of Appeals for the Eighth District of Texas, issued its opinion on April 26th, 2017, in Cause No. 08-17-00063-CR: From the Trial Court Case No. 20030D03096; Styled: Donald Turner.

v.

The State of Texas

The Honorable Court of Appeals today rendered judgment dismissing the appeal, in accordance with the opinion of this Court. A copy of the opinion and judgment has been mailed to the attorney of record for each party.

On April 26th, 2017, the Court issued its Judgment in the above case, styled and numbered cause to the trial court.

On April 26th, 2017, the Court stated in its Judgment, the Court has considered this cause on the record and concludes the appeal should be dismissed for lack of jurisdiction, in accordance with the opinion of this Court. We therefore dismiss the appeal.[1]

1 The Court of Appeals for the Eighth District of Texas, issued its Memorandum Opinion in Cause No. 08-17-00063-CR; El Paso County, Texas. April 26th, 2017. See Memorandum Opinion in appendex.

On August 21st, 2017, the Eighth District of Texas, issued its MANDATE in the above numbered and styled cause. See Appendix.

MEMORANDUM OF LAW

In Texas, as in many other jurisdictions, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct (such as exposure or contact) that is demonstrably and inextricably part of that single sexual assault. With these guiding principles in mind, we turn to the double-jeopardy issue in this case. The Fifth Amendment provides, "No person shall...be subject for the same offence to be twice put in jeopardy of life or limb[.]"

In North Carolina v. Pearce, the Supreme Court stated that the guarantee against double jeopardy consists of three separate Constitutional protections; first, it protects against a second prosecution for the same offense after acquittal; second, it protects against a second prosecution for the same offense after conviction; and third, it protects against multiple punishments for the same offense.

A multiple punishment double-jeopardy violation may arise either in the context of lesser-included offense (when the same conduct is punished under both a greater and a lesser-included statutory ofense) or when the same criminal act is punished under two distinct statutory provisions, but the legislature intended only one punishment. Blockberger, 284 U.S. at 304; Ex parte Amador, 326 S.W. 3d 202, 206 n.5, (Tex. Crim. App. 2010).

A double-jeopardy violation occurs if one is convicted or punished for two or more offenses that are the same both in law and in fact. Id. Garfias v. State, 424 S.W. 3d 54, 58 (Tex. Crim. App. 2014).See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L. Ed. 306 (1932). 447 S.W. 3d 270 (Tex. Crim. App. 2014)."In a jury trial

On appeal from the 142nd District Court, Midland County, Texas
On appeal from the 243rd District Court, El Paso County, Texas (sentencing phase).

the empaneling and swearing of the jury panel is the point at which jeopardy attaches. In a bench trial, jeopardy attaches when the defendant pleads to the charging instrument and the court accepts the plea". Harvey v. State, 367 S,W, 3d 513, 515 (Tex. App. Texarkana , 2012, pet. ref'd).

The question here is whether Ten-Counts of Appellant's convictions for indecency with a child are the same, for double-jeopardy purposes, as Ten of his convictions for aggravated sexual assault of a child. In the double-jeopardy context, there are two different analysis for determining the "sameness" of offenses: an "elements" analysis and a "units" analysis. When the offenses at issue are codified in two distint statutory provisions, the offenses must be considered the same under both analysis for a double-jeopardy violation to occur.

The offenses at issues in this case, are the same under the "elements" analysis, they are also the same under the "units" analysis, the offenses are considered the same for double-jeopardy violation.

## ELEMENTS

The Court held that the offenses of indecency with a child and aggravated sexual assault of a child are the same under an elements analysis, and a units analysis. Appellant's claim, therefore succeeds on this aspect of the double-jeopardy analysis. Blockberger v. U.S. 284 U.S. 299, 52 S.Ct. 180, 176 L.Ed. 306 (1932).

## UNITS

A "units" analysis consists of two parts: (1) what the allowable unit of prosecution is, and (2) how many units have been shown. The first part of the analysis is purely a question of statutory construction and generally requires ascertaining the focus or gravamen of the offense. The second part requires an examination of the trial record,

which can include the evidence presented at trial. (Outcry State-ments, "Same Day" April 16th, 1989).

District Attorney first indictment, had included only "initial's" in the Ten-counts based on different days. (hung jury).

The State's reindictment of the "Same Complainants", with their real names--again different dates, even though the sworn "Outcry Statements were based on the same date. April 16th, 1989.These discrete acts occured on the same day (April 16th, 1989), and are the same, therefore, constituting only one allowable units of prosecution.[1]

---

[1] "[T]he Blockerburger test saet up a presumption in a multiple-statute elements inquiry...If offenses under different statutes all the 'same' elemtally, then a units analysis could be appropriate if, the pleading or the evidence indicates that there are different victims").[2]

---

[2] Blockerburger, 284 U.S. at 303; Hawkins, 6 S.W. 3d at 557 n. 8 (discussing Blockburger and units of prosecution); Goodbread, 967 S.W. 2d at 860 ("For Double Jeopardy purposes, the same offense means the identical criminal act, not the same offense by name...When one cannot determine from the State's pleadings, whether the offenses prosecuted are the same, the court must look to the proof offered at trial".) (citing and quoting favorably from Luna v. State, 493 S.W. 2d 854 (Tex. Crim. App. 1973)); id. at 861 (we look to evidence at trial to determine what instances of conforming to the indictment are jeopardy-barred); Aekins v. State, 447 S.W. 3d 270, 285 (Tex. Crim. App. 2014); quoting 461 S.W. 3d at 144 (Tex. Crim. App. 2015).

The first, less famous, Blockberger test asks whether each criminal act is a separate and distinct one, separated by time. If the offense is a single continuous act, with a single impluse, in which several different statutory provisions are necessarily violated along that continuum, the offenses merge together.("The purpose of merger is to avoid double punishment for a single wrongdoing".); People v. Henderson,

810 P. 2d 1058, 1060 (Colo. 1991)(analysis of whether convictions should be merged must be based on double-jeopardy principles).See Garfias, 424 S.W. 3d at 58. ("a ^units" analysis is employed when the offenses are alternative means of committing the same offensè), Loving v. State, 401 S.W. 3d 642, 645-46 (Tex. Crim. App. 2013).

This is variously called "The Merger Doctrine", "The Single Impluse Doctrine", or here in Texas, "The Doctrine of Subsumed Acts". If more than one statutory offense is necessarily committed by that single criminal act and impluse, then the offense merge and the defendant may be punished only once. This "Single Impluse" aspect of Blockburger is United States Supreme Court Law, not some pecu- laiar doctrine thought up by Texas Judges. We are not permitted to ignore or denigrate it. As a lower court, we are bound by Supreme Court reasoning on Federal Constitutional issues. id.

447 S.W. 3d 270 (Tex. Crim. App. 2014). Though portions of the record of the prior trial may indicate that the State "focused" on the first and last incidents of penetration and that, if forced to elect, it probally would have picked these two incidents, the record nevertheless reflects that the jury was still authorized to convict appellant based on the other incidents of penetration. It is imposs- ible to determine with any certainty which specific incidents of penetration that the jury actually was uncertain (Mistrial) and could not decide in the prior trial, it did not do so with the required specificity. If, as in this case, a reviewing court finds itself in the position of having to guess whether the State made an election, then it should decide that there was no election. Tex. R. App. Proc. 33.1(a)(1)(A)(prerequisite for presenting complaint for appellate review requires party to make timely request with sufficient specificity

to make trial court aware of the request). There were no election in prior trial. The jury was (hung), whether the prior prosecutor was vindictive, at the least, in losing this case, and that this type of case that requires this Court to quite simply, grant the PDR, because the manner and means are the same, time period is the same (April 16th, 1989), even though the ADA had stated different dates, the evidence (Outcry Statements state April 16th, 1989).

In this case, appellant's counsel did not demand an election in the prior trial, or the second trial, at the close of the State's evidence, or at any other time. Phillips, 193 S.W. 3d at 909. See Tex. R. App. Proc. 44.2(a), (b).

THE GRAND JURY'S INDICTMENT:

By a Ten-Count indictment, a Midland County grand jury charged appellant with indecency with a child by contact, indecency with a by exposer, and aggravated sexual assault. TEX. PEN. CODE 21.11(a) (1), (a)(2) (Vernon 2003) & 22.021(a)(1)(B). June 8th, 1989.

The State RE-INDICTMENT HANDED DOWN ON August 23rd, 1989, on another Ten-Count charging defendant with the "Same" counts. "Same" names, and "same" dates. Indictments attached. See Appendix.

Furthermore, In 1989, appellant was convicted on 10 counts of committing sexual offenses in the summer of 1989. Before September 1, 1993, Tex. Code Crim. Proc. Ann. Art. 38.07, specified that a victim's testimony about a sexual offense could not support a conviction unless corroborated by other evidence or the victim informed another person of the offense within six months of its occurrence, but that, if a victim was under 14 at the time of the offense, the victim testimony alone could support a conviction. An amendment to a Texas statute that went into effect on September 1, 1993, authorized conviction of certain

sexual offenses on the victim's testimony alone. Carmell v. Texas, 120 S.Ct. 1620 (2000).

Finally, appellant was charged with indecency with a child, in a two-count indictment, when he violated his parole in 2003, the GRANT JURORS for the County of El Paso, State of Texas, in Case No. 20030D03096; In the 243rd District Court. Tex. Pen. Code 21.11(a)(1). COUNT ONE--Touching part of Gentials. Tex. Pen. Code 21.01(2). COUNT TWO--Touching Breast. Tex. Pen. Code 21.01(2).

Trial counsel was ineffective at sentencing phase, or here as the record states, Judge's Conference. Held on May 24th, 2004; Stated in (RR Vol. 6, Pg. 5). States---

THE COURT: Is there a recommendation on this?

THE STATE: Yes, Your Honor. Its 10 years TDC.

Mr. UNDERWOOD: ADA, The last recommendation was 10 years to do.

THE COURT: What's your recommendation today?

Mr. UNDERWOOD: ADA, 15 years.

THE COURT: ALL RIGHT. 15 years to do.

Mr. REY: Counsel for defendant, ask your client, on the record, whether or not he's interested in the recommendation of 15 years to do.

Mr. REY: OKay.

Mr. Turner, the State of Texas has proposed a recommendation of punishment. In exchange for your plea of guilty to this charge, its 15 years TDC. Would you willing to accept that, or you declining that offer. (RR Vol. 6, Pg. 5).

THE DEFENDANT: One would have to be guilty of something. I'm not guilty at all.

THE COURT: ALL RIGHT. Are there any motions we need to hear, Mr. REY.

MR. REY: I HAVE A LIMINE MOTION.

MEMORANDUM OF LAW, IN SUPPORT OF PETITION FOR DISCRETIONARY REVIEW-Page 6

THE COURT: HOW LONG IS THE LIMINE MOTION?

MR. REY: IT`S JUST ABOUT EXTRANEOUSES, JUDGE, AND THE FACT HE'S ON PAROLE THAT I WANT LIMINED OUT.

On May 25th, 2004, the 243rd District Court of El Paso County, Texas found defendant guilty, and sentencing him to life.

Appellant argues that the sentencing range on his two-count indictment carried a sentencing range of 2-20 years. The Court found his priors to be true--and enhancement his punishment.

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt. Ex parte Watkins, 52 S.W. 3d 858, 2001 (Tex. Crim. App. LEXIS 3821 (Fort Worth 2001). Reporter; 73 S.W. 3d 264*; 2002, Tex. Crim. App. LEXIS 70**.

The doctrine of collateral estoppel is embodied within the constitutional bar against double jeopardy. But the two are not identical. Double Jeopardy bars any retrial of a criminal offense. While collateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly adjudicated. Ashe v. Swenson, 397 U.S. 436, 443, 25 L.Ed. 2d 469, 90 S.Ct. 1189 (1970).

The rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects against

being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment. However, the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense. Ashe,397 U.S. at 443; State v. Lee, 15 S.W. 3d 921, 929 (Tex. Crim. App. 2000).

A collateral estoppel claim is based on double jeopardy principles when the State could, but declines to, join two or more offenses which arise out of a single transaction and a final verdict or specific factual finding favorable to the defendant in the first prosecution would bar relitigation of the same fact in a second proceeding. Ex parte Watkins, 52 S.W. 3d 858 (Tex. App. Fort Worth 2001); Apprendi v. New Jersey, 530 U.S. at 466 (2000).

Respectfully Submitted,

es/Donald Allen Turner

MEMORANDUM OF LAW, IN SUPPORT OF PETITION FOR DISCRETIONARY REVIEW-Page 8
Donald Allen Turner v. The State of Texas, In Cause No. PD-0870-17.
Under T.R.A.P. 68., On Appeal from the 142nd DIstrict Court, No. CRA-16,002.
Appeal from Eleventh District of Texas., In Cause No. 11-17-00165-CR.

# PRAYER FOR RELIEF

W PURSUANT TO RULE 38.1(i) TEXAS RULES OF APPELLATE PROCEDURE

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Court find that Appellant was not afforded effective assistance of counsel. Upon said finding, Appellant respectfully requests the Court to reverse the judgment and remand this case for a new trial.

Appellant prays in the alternative, this Court find that the in- dictments were void, when the trial court enhanced defendant sent- ence to life at punishment constituted reversible error. Upon said finding, Appellant respectfully requests the Court to reverse in part and remand for a new trial on punishment.

Respectfully Submitted,

Donald Allen Turner
TDC# 1248114,
Jester III Unit,
3 Jester Road,
Richmond, Texas  77406

viii

APPENDIX


COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

OPINIONS ATTACHED


COURT OF APPEALS

ELEVENTH DISTRICT OF TEXAS

EASTLAND, TEXAS

OPINIONS ATTACHED, WITH INDICTMENTS



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| DONALD TURNER, | | No. 08-17-00063-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20030D03096) |
| | § | |

## MEMORANDUM OPINION

Donald Turner is attempting to appeal his convictions of indecency with a child (Counts I and II). A jury found Appellant guilty and the trial court assessed his punishment at life imprisonment. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The deadline is extended to ninety days after the date the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(2). The judgment of conviction reflects that the trial court imposed sentence

in open court on May 27, 2004. Appellant appealed to this Court in 2004, and we issued an opinion and judgment affirming his convictions. *Turner v. State*, No. 08-04-00148-CR, 2006 WL 250482 (Tex.App.--El Paso February 2, 2006, pet. ref'd). The Court of Criminal Appeals denied Appellant's petition for discretionary review on July 26, 2006. Appellant has now filed a new notice of appeal from the same judgment of conviction. We do not have jurisdiction to hear a second appeal from the same judgment. Further, we do not have jurisdiction to grant habeas corpus relief. The Court of Criminal Appeals has exclusive authority to grant post-conviction relief if the defendant is confined as a result of a final felony conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, § 3 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)("We are the only court with jurisdiction in final post-conviction felony proceedings."). Accordingly, we dismiss the appeal for lack of jurisdiction.

April 26, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

- 2 -



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Gina M. Palafox

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
WWW.TXCOURTS.GOV/8THCOA.ASPX

**CLERK**
Denise Pacheco

August 21, 2017

Donald Turner
# 1248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

Hon. Jaime E. Esparza
District Attorney
El Paso County Courthouse
500 E. San Antonio, Suite 201
El Paso, TX 79901
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   08-17-00063-CR
      Trial Court Case Number:   20030D03096

Style:  Donald Turner
        v.
        The State of Texas

I have this date issued the Mandate in the above styled and numbered cause to the trial court.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:    Norma L. Favela Barceleau

# M A N D A T E

TO THE 243RD DISTRICT COURT OF EL PASO COUNTY, GREETINGS:

Before our Court of Appeals for the Eighth District of Texas, on 4/26/17, the cause upon appeal to revise or reverse your judgment between

DONALD TURNER,                                                    Appellant,

No. 08-17-00063-CR                    and

THE STATE OF TEXAS,                                              Appellee,

was determined; and therein our said Court made its order in these words:

The Court has considered this cause on the record and concludes the appeal should be dismissed for lack of jurisdiction, in accordance with the opinion of this Court. We therefore dismiss the appeal. We further order that this decision be certified below for observance.

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Eighth District of Texas, in this behalf, and in all things have it duly recognized, obeyed and executed.

WITNESS, the Clerk of the Court of Appeals, with the Seal thereof affixed, at the City of El Paso, this August 21, 2017.

Denise Pacheco, Clerk

*Denise Pacheco*

Trial Court No. 20030D03096

**INDICTMENT**

FILE NO.: 03-107203     PID/TRK 891326/03-04661

**STATE OF TEXAS**
**VS.**
*DONALD TURNER*

OFFENSE:     *COUNT I – INDECENCY WITH A CHILD*
             *COUNT II – INDECENCY WITH A CHILD*

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the **JANUARY** Term, A.D., **2003** of the **168TH** Judicial District Court for said County, upon their oaths in said Court, present that on or about the *7th day of March, 2003* and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, *DONALD TURNER*, **hereinafter referred to as Defendant,**

did then and there with intent to arouse and gratify the sexual desire of **the said defendant, intentionally and knowingly engage in sexual contact with JESSICA SNYDER, hereinafter referred to as Complainant, a child who was then and there younger than 17 years of age and not the spouse of said defendant by then and there touching any part of the genitals of said Complainant,**

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

FILED THE     JUN 2 5 2003     BY     DEPUTY

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the     JUN 2 5 2003

GILBERT SANCHEZ, District Clerk, El Paso County,

by     Deputy

BAIL AMOUNT: $ 50,000

A TRUE COPY I CERTIFY
NORMA ___ ___ A. District Clerk
By ___ Deputy
JAN - 5 2017

STATE OF TEXAS VS. *DONALD TURNER*
INDICTMENT - *INDECENCY WITH A CHILD*
COUNT II - *03-107203*

And the Grand Jurors of aforesaid, upon their oaths aforesaid, do further say, charge and present in and to said Court at said term that on or about the *7th day of March, 2003* and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, *DONALD TURNER*, **hereinafter referred to as Defendant,**

did then and there with intent to arouse and gratify the sexual desire of **the said defendant,** intentionally and knowingly engage in sexual contact with **JESSICA SNYDER**, hereinafter referred to as Complainant, a child who was then and there younger than 17 years of age and not the spouse of said defendant **by then and there touching the breast of said Complainant,**

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

FILED THE _____ JUN 2 5 2003 _____ BY _____ DEPUTY

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____.

JUN 2 5 2003

GILBERT SANCHEZ, District Clerk, El Paso County, Texas

by _____ Deputy

BAIL AMOUNT: $ 50,000

A TRUE COPY
NORMA L. FAVELA, District Clerk

By _____

JAN - 5 2017



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Donald Allen Turner,

\* From the 142nd District Court
of Midland County,
Trial Court No. CRA-16,002.

Vs. No. 11-17-00165-CR

\* July 13, 2017

The State of Texas,

\* Per Curiam Memorandum Opinion
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that the appeal should be dismissed for want of jurisdiction. Therefore, in accordance with this court's opinion, the appeal is dismissed.



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

June 16, 2017

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

Laura Nodolf, District Attorney
Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

**RE:** Appellate Case Number: **11-17-00165-CR**
Trial Court Case Number: CRA-16,002
**Style:** Donald Allen Turner v. The State of Texas

We have this day received and filed a copy of Appellant's Pro Se Notice of Appeal and the Trial Court Information Form in the above cause. This case bears the above docket number that should be used on all future correspondence and filings.

We note that the Notice of Appeal appears to be untimely filed in the trial court. The due date was December 30, 1993. TEX. R. APP. P. 26.2.

The sentence was imposed on November 3, 1993; and the Notice of Appeal was filed on June 15, 2017, 23 years and 197 days after the date that the sentence was imposed.

Appellant is requested to respond on or before July 3, 2017, showing grounds for continuing this appeal, which may include proof of mailing.

Absent a timely filed Notice of Appeal, this appeal may be dismissed for want of jurisdiction. TEX. R. APP. P. 25.2.

Respectfully yours,

Sherry Williamson, Clerk

cc: George D. Gilles, Judge (DELIVERED VIA E-MAIL)
District Clerk - Midland County (DELIVERED VIA E-MAIL)
Melissa Crooks, Court Reporter (DELIVERED VIA E-MAIL)



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

June 30, 2017

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

**RE:**     Appellate Case Number:  11-17-00165-CR
            Trial Court Case Number:    CRA-16,002
**Style:** Donald Allen Turner
            v. The State of Texas

We have this day received and filed "Appellant's First Request to Extend Time to File His Response--Pursuant to TRAP 10.5(a) and (b)" in the above cause.

We will advise you of the Court's action on this motion.

Respectfully yours,

*Sherry Williamson*

Sherry Williamson, Clerk

cc:    George D. Gilles, Judge (DELIVERED VIA E-MAIL)
       District Clerk - Midland County (DELIVERED VIA E-MAIL)
       Melissa Crooks, Court Reporter (DELIVERED VIA E-MAIL)



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

July 3, 2017

Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

**RE:** Appellate Case Number: 11-17-00165-CR
Trial Court Case Number: CRA-16,002
**Style:** Donald Allen Turner v. The State of Texas

We have this day received and filed Appellant's Pro Se response showing grounds to continue this appeal in the above cause.

Enclosed, Mr. Turner will find his original exhibit documents.

Respectfully yours,

Sherry Williamson, Clerk

cc: George D. Gilles, Judge (DELIVERED VIA E-MAIL)
District Clerk - Midland County (DELIVERED VIA E-MAIL)
Melissa Crooks, Court Reporter (DELIVERED VIA E-MAIL)



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals

## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

July 13, 2017

Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

**RE:** Appellate Case Number: 11-17-00165-CR
Trial Court Case Number: CRA-16,002
**Style:** Donald Allen Turner v. The State of Texas

The Court has this day **DISMISSED** the appeal in the above cause.

Copies of the Court's opinion and judgment are attached.

Appellant is advised that a Petition for Discretionary Review may be filed with the <u>Clerk, Court of Criminal Appeals, Austin, Texas.</u> No copy is required for the Eleventh Court of Appeals.

Respectfully yours,

Sherry Williamson, Clerk

cc: George D. Gilles, Judge (DELIVERED VIA E-MAIL)
District Clerk - Midland County (DELIVERED VIA E-MAIL)
Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

July 17, 2017

Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

**RE:** Appellate Case Number:  11-17-00165-CR
Trial Court Case Number:    CRA-16,002
**Style:** Donald Allen Turner v. The State of Texas

We have this day received and filed "Appellant Seeking Leave to Amend Certification of His Right to Appeal. TRAP 25.2 (f), 25.2 (e), 37.1" (Motion for Rehearing) in the above cause.

We will advise you of the Court's action on this motion.

Respectfully yours,

Sherry Williamson, Clerk



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals

## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

July 27, 2017

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

Eric Kalenak, Assistant
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Laura Nodolf, District Attorney
District Attorney's Office
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Donald Allen Turner
TDCJ #01248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

**RE:**  Appellate Case Number:  11-17-00165-CR
Trial Court Case Number:   CRA-16,002
**Style:**  Donald Allen Turner v. The State of Texas

The Court has this day **DENIED** "Appellant seeking leave to amend certification of his right to appeal. TRAP 25.2 (f), 25.2 (e), 37.1" (Motion for Rehearing) in the above cause.

The Court has also this day **DENIED** Appellant's pro se amended motion for rehearing in the above cause.

If either party wishes to file a Petition for Discretionary Review, please note:

1) Pursuant to TEX. R. APP. P. 68.3(a), the petition and all copies of the petition must be filed with the Clerk of the Court of Criminal Appeals; and

2) Pursuant to TEX. R. APP. P. 68.4(j), a copy of this Court's opinion must be attached to each copy of the Petition for Discretionary Review.

Respectfully yours,

Sherry Williamson, Clerk



In The

# Eleventh Court of Appeals

_ſ_

## No. 11-17-00165-CR

### DONALD ALLEN TURNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CRA-16,002**

## MEMORANDUM OPINION

Donald Allen Turner, Appellant, has filed an untimely notice of appeal in this cause. Appellant attempts to appeal from the adjudication of his guilt with respect to three counts of indecency with a child by contact. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence for each count was imposed on November 3, 1993, and that his notice of appeal was filed in the district clerk's office on June 15, 2017. Pursuant to TEX. R. APP. P. 26.2(a), a

notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court more than twenty-three years after Appellant's sentences were imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. Appellant filed a response in which he asserts that he was not afforded effective assistance of counsel during the punishment phase of the adjudication proceeding. We have considered Appellant's response; however, we are without authority to proceed with this appeal. *See Slaton*, 981 S.W.2d at 210.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

July 13, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Gina M. Palafox

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
WWW.TXCOURTS.GOV/8THCOA.ASPX

**CLERK**
Denise Pacheco

April 26, 2017

Donald Turner
# 1248114
Jester III Unit
3 Jester Road
Richmond, TX 77406

Hon. Jaime E. Esparza
District Attorney
El Paso County Courthouse
500 E. San Antonio, Suite 201
El Paso, TX 79901
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   08-17-00063-CR
      Trial Court Case Number:   20030D03096

Style:   Donald Turner
         v.
         The State of Texas

The Honorable Court of Appeals today rendered judgment dismissing the appeal, in accordance with the opinion of this Court. A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:   Honorable Luis Aguilar
      Norma L. Favela Barceleau



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DONALD TURNER, | § | No. 08-17-00063-CR |
| Appellant, | § | Appeal from |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20030D03096) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes the appeal should be dismissed for lack of jurisdiction, in accordance with the opinion of this Court. We therefore dismiss the appeal. We further order that this decision be certified below for observance.

IT IS SO ORDERED THIS 26TH DAY OF APRIL, 2017.

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

State of Texas | Cause # __CRA-15,796__ | In the __142nd__ District

Court of Midland County, Texas

v.

**FILED**

**89 JUN -8 AM 11:26**

DONALD ALLEN TURNER

VIVIAN WOOD, DISTRICT CLERK
MIDLAND COUNTY, TEXAS
BY _____ Bond: _$10,000.00_
DEPUTY

Offense: AGGRAVATED SEXUAL ASSAULT

## INDICTMENT

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURY, for the County of Midland, State of Texas, duly selected, empaneled, sworn, charged, and organized as such by the District Court for said County, upon their oaths present in and to said court that

__DONALD ALLEN TURNER__

hereinafter styled Defendant, on or about the __16th__ day of __April__ A.D., 19__89__, and before the presentment of this indictment, in the county and State aforesaid,

did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of C.D. and the said C.D. was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

### COUNT II

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of P.D. and the said P.D. was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

### COUNT III

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 11th day of March A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of KELLY MCCARTY and the said KELLY MCCARTY was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

### COUNT IV

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 30th day of September A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with B.D., a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said B.D.,

COUNT V

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 13th day of July A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with M.G., a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said M.G.,

COUNT VI

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of July A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with COLLEN MCCARTY, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said COLLEN MCCARTY,

COUNT VII

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 15th day of August A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with SUSAN CHAMBER, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said SUSAN CHAMBER,

COUNT VIII

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 27th day of May A.D., 1987, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with S.J., a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said S.J.,

COUNT IX

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with D.G., a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said D.G.,

COUNT X

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER expose a part of the genitals of the said DONALD ALLEN TURNER to D.G., a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, the said DONALD ALLEN TURNER then and there knowing that the said

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that all of the counts contained in this indictment are offenses which arose out of the same criminal episode by the said DONALD ALLEN TURNER prior to the presentment of this indictment,

I, ROSS BUSH, District Clerk, Midland County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and

State of Texas

Cause # CRA-16,002(2)  ~~FILED~~  In the 142nd District

v.

Court of Midland County, Texas

DONALD ALLEN TURNER

89 AUG 23 PM 4:37

VIVIAN WOOD, DISTRICT CLERK
MIDLAND COUNTY, TEXAS
BY _Belinda Almorlon_
DEPUTY

Bond: $10,000.00

Offense: AGGRAVATED SEXUAL ASSAULT

RE-INDICTMENT
**INDICTMENT**

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Midland, State of Texas, duly selected, empaneled, sworn, charged, and organized as such by the District Court for said County, upon their oaths present in and to said court that

DONALD ALLEN TURNER

hereinafter styled Defendant, on or about the 16th day of April A.D., 19 89,

and before the presentment of this indictment, in the county and State aforesaid,

did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of SYBIL HUBBARD and the said SYBIL HUBBARD was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

COUNT II

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of SHARLA REDDING and the said SHARLA REDDING was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

COUNT III

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 11th day of March A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there intentionally and knowingly cause an object, to-wit: HIS FINGER, to penetrate the female sex organ of KELLY MCCARTY and the said KELLY MCCARTY was then and there a child younger than 14 years of age and not the spouse of the said DONALD ALLEN TURNER,

COUNT IV

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 30th day of September A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with JENNIFER MASON, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said JENNIFER MASON,

## COUNT V

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 1st day of October A.D., 1987, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with WHITNEY GRAY, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said WHITNEY GRAY,

## COUNT VI

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of July A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with COLLEN MCCARTY, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said COLLEN MCCARTY,

## COUNT VII

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 15th day of August A.D., 1988, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with LINDSEY COLEMAN, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said LINDSEY COLEMAN,

## COUNT VIII

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 27th day of May A.D., 1987, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with S.J. a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said S.J.,

## COUNT IX

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER, engage in sexual contact with ASHLEY HODGES, a child younger than 17 years of age and not the spouse of the said DONALD ALLEN TURNER, by then and there touching a part of the genitals of the said ASHLEY HODGES,

## COUNT X

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that on or about the 16th day of April A.D., 1989, in said county and state, and anterior to the presentment of this indictment, DONALD ALLEN TURNER, did then and there with the intent to arouse and gratify the sexual desire of the said DONALD ALLEN TURNER expose a part of the genitals of the said DONALD ALLEN TURNER to ASHLEY HODGES, a child younger than 17 years of age and not the spouse of the said DONALD

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said court that all of the counts contained in this indictment are offenses which arose out of the same criminal episode by the said DONALD ALLEN TURNER prior to the presentment of this indictment,

I, ROSS BUSH, District Clerk, Midland County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 3-29-17

10-3-17

To whom it may concern:

In regards to case # CRA1579 in the 142nd district court in Midland, TX, I was present at the trial and to the best of my recollection, the following people were also present and available to testify:

1. Kelly McCarty
2. Ashley Hodges
3. Colleen McCarty
4. Jennifer Mason
5. Ashley Hodges
6. Whitney Gray

Susan Turner

Notarized this 3rd day of October 2017

Gloria Uddley

GLORIA UDDLEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-26-20
Notary ID # 516017-6

Case Number 15,796
142nd district court, Midland, TX.

My name was Tiffany Turner at the time. I was at this trial and the following people were there and able to testify:

Sybill Hubbard
Starla Redding
Kelly McCarty
Jennifer Mason
Whitney Grey
Colleen McCarty
Ashley Hodges
Ashley Hodges

Signed: _[signature]_   _Tiffany Turner Waddington_

State of Washington )
                    , : ss.
County of Snohomish)

On this _7_ day of _October_____, in the year _2017_, before me
_John P. Sheppard III_, personally appeared _Tiffany Turner Waddington_
known to me to be the person(s) whose name is subscribed to this instrument,
and acknowledged that he/she executed it.

Witness my hand and official seal.

_[signature]_
Notary Public in and for the State
Of Washington residing at _Bothell_
My commission expires _02-09-2021_

# PRIORITY
## ★ MAIL ★
# EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

EMS

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EP13F July 2013   OD: 12.5 x 9.5

Donald Allen Turner, TDCJ-ID# 1248114
Jester III Unit
3 Jester Road
Richmond, Texas

77406

TO: Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas

78711

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International
destinations. See DMM and IMM at pe.usps.com for complete details.

+ Money Back Guarantee for U.S. destinations only.

VISIT US AT USPS.COM®





UNITED STA